IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES ALVA MCNEAL, | No. 4:24-CV-01307 |
| Appellant, | (Chief Judge Brann) |
| v. | |
| LYLE BROUSE, JR., *et al.*, | |
| Appellees. | |

**MEMORANDUM OPINION AND ORDER**

**FEBRUARY 13, 2025**

## I.   BACKGROUND

This case stems from an alleged oral agreement in July 2018 between James McNeal and Lyle and Jessica Brouse for the sale of a piece of property ("the Property").[1] McNeal "contested the transaction claiming the deed did not reflect the parties' agreement for the sale of the Property."[2] On August 2, 2024, the Bankruptcy Court for the Middle District of Pennsylvania granted a Motion to Dismiss Adversary Proceeding for Lack of Subject Matter Jurisdiction.[3]

After the Bankruptcy Court dismissed for a lack of subject matter jurisdiction, McNeal filed a Notice of Appeal in this Court on August 5, 2024.[4] The Court then

---

[1]   Doc. 247 (Sept. 24, 2024 Mem. Op.), *McNeal v. Brouse, et al.*, 4:20-ap-00060 (Bankr. M.D. Pa. September 24, 2024).

[2]   *Id.*

[3]   Doc. 219 (Aug. 2, 2024 Ord.), *McNeal v. Brouse, et al.*, 4:20-ap-00060 (Bankr. M.D. Pa. Aug. 2, 2024).

[4]   Doc. 1 (Notice of Appeal).

granted his Motion for Leave to Appeal in forma pauperis on August 20, 2024.[5] Since then, McNeal has filed the following motions: Motion for Extension of Time to File Reply Brief; Motion to Supplement the Record; and Motion for Taxation of Costs of Transcripts.[6] The procedural posture of the present motions, however, is somewhat strange as McNeal filed them in the middle of the briefing schedule for his appeal. To avoid ruling on the substance of McNeal's appeals without a complete record, I limit my analysis to the material contained in the Motion for Taxation of Costs for Transcripts and any relevant documents from the Bankruptcy Court for the Middle District of Pennsylvania.

## II.  DISCUSSION

McNeal has moved under Title 28 U.S.C. § 753(f) to request the waiver of costs of preparing transcripts. This statute provides, in relevant part:

> Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).[7]

Consequently, the appeal must both be non-frivolous and present a substantial question. "[F]or purposes of 28 U.S.C. § 753, courts have held that a substantial

---

[5]  Doc. 4 (Ord. Granting Motion to Proceed in forma pauperis).
[6]  Doc. 12 (Motion for Extension of Time); Doc. 13 (Motion to Supplement the Record); Doc. 14 (Motion for Taxation of Costs of Transcripts).
[7]  28 U.S.C.A. § 753(f) (West).

2

question is posed on appeal if the factual or legal issues presented are 'reasonably debatable.'"[8] McNeal has appealed the following issues:[9]

> "[Issue 1:] Whether the Bankruptcy Court erred in finding that Plaintiff's state law causes of action were not 'related to' the Chapter 13 plan, especially where Plaintiff is the Debtor who was seeking the return of property to be used to fund the plan, without citing a single case to support its decision.
>
> [Issue 2:] Whether the Bankruptcy Court erred in finding that judicial economy supported dismissing the case, especially after four years and more than two hundred docket entries when both parties agreed the trial would last only two hours and would require reviewing only about four pages of exhibits, without citing a single case to support its decision.
>
> [Issue 3:] Whether the Bankruptcy Court erred in finding that fairness supported dismissing the case, especially without considering whether the statute of limitations had run and allowing Defendants to wait four years to challenge jurisdiction after affirmatively stating throughout the four years that jurisdiction was admitted, without citing a single case to support its decision.
>
> [Issue 4:] Whether the Court erred in dismissing Plaintiff's Section 548 claim or, if it was properly dismissed, for dismissing without leave to amend and without leave for the Trustee to intervene in its Order dated June 7, 2024.
>
> [Issue 5:] Whether the Court erred in denying sanctions for Defendants' conduct under 28 U.S.C. 1927 in its Order dated June 7, 2024.
>
> [Issue 6:] Whether the Court erred in denying sanctions for Defendants' conduct pursuant to Rule 37 for filing a Motion to Compel Discovery without good faith in its Order dated June 14, 2022.

---

[8] *In re Lepre*, No. 11-20288-JAD, 2012 WL 2994018, at *1 (Bankr. W.D. Pa. July 20, 2012) (quoting *Harlem River Consumers Co-op, Inc. v. Associated Grocers of Harlem, Inc.*, 71 F.R.D. 93 (S.D.N.Y. 1976)).

[9] I note that there are two other appeals pending before the Court from McNeal. These matters are docketed at 4:24-cv-01413 and 4:24-cv-01414. As the issues in these appeals are also included in McNeal's appeal docketed at 4:24-cv-01307 and he failed to respond to motions to dismiss docketed at 4:24-cv-01413 and 4:24-cv-01414, I will dismiss those appeals by separate Order.

[Issue 7:] Whether the Court erred in granting Plaintiff only one day to complete pre-trial briefing on July 18, 2024 via an oral order that Plaintiff had to send the brief to opposing counsel by "tomorrow" and otherwise denying Plaintiff's request for additional time.

[Issue 8:] Whether the Court erred in denying Plaintiff's Motion in Limine filed on August 24, 2023."[10]

Writing for the Bankruptcy Court, the Honorable Mark J. Conway issued a well-reasoned opinion on September 24, 2024 analyzing the issues presented by McNeal's appeal to determine what, if any, transcripts he is entitled to receive under § 753(f). In that opinion, Judge Conway correctly concluded that the question of the Bankruptcy Court's retention of jurisdiction of the remaining state law claims is non-frivolous and is "subject to 'reasonable debate.'"[11]

Judge Conway reached the following conclusions regarding the remaining issues McNeal has appealed. The Bankruptcy Court concluded that Issue 1 was both frivolous and not subject to reasonable debate as "the Property is not property of the bankruptcy estate" under the Confirmed Plan.[12] Under such circumstances, Judge Conway found that "the outcome of the state law claims could have no conceivable effects on the bankruptcy estate."[13] For Issue 4, Judge Conway performed a thorough analysis of § 548 and concluded such a claim was incompatible with McNeal's "sole motivation" of "avoid[ing] the transfer of the Property for the benefit of himself."[14] As to Issues 5

---

[10] Doc. 7 (Designated Record).
[11] *In re McNeal*, No. 4:20-02028-MJC, 2024 WL 4296595, at *4 (Bankr. M.D. Pa. Sept. 24, 2024) (quoting *Lepre*, 2012 WL 2994018, at *1).
[12] *In re McNeal*, 2024 WL 4296595, at *3.
[13] *Id.*
[14] *Id.* at *5.

4

through 8, McNeal did not provide "any legal or factual basis to support a finding that the appeal" of these issues "is not frivolous and present a 'substantial question' or are 'reasonably debatable.'"[15] The Bankruptcy Court further noted that even if they were not frivolous, the dismissal of the case for a lack of subject matter jurisdiction indicates that these issues do not present a substantial question.[16]

My independent review of the Bankruptcy Court's September 24, 2024 Opinion confirms that Judge Conway reached the correct conclusions regarding Issues 1 through 4. As to Issues 5 through 8, much like the motion he filed in the Bankruptcy Court, McNeal "fails to state any grounds for waiver of the transcription fees, nor does [he] specify which transcripts are related to these issues and why the transcripts are necessary to decide the appeal."[17] As Judge Conway noted, McNeal had the burden of "demonstrating non-frivolity and substantiality of the claims."[18] Once again, his Motion simply asserts that the Bankruptcy Court found some of his appeals to be non-frivolous and presented a substantial question.[19] But that argument oversimplifies the analysis in a way unsupported by the caselaw interpreting § 753(f). Without any further guidance from McNeal, I conclude that the Bankruptcy Court properly concluded that Issues 2 and 3 were the only issues upon which the Court had a sufficient record to make the

---

[15] *Id.*
[16] *Id.* at *6.
[17] *Id.* at *5.
[18] *Id.* (citing *Randle v. Franklin*, No. CV-08-00845-JAT, 2012 WL 201757, at *1 (E.D. Cal. Jan. 23, 2012).
[19] Doc. 14 (Motion for Taxation of Costs of Transcripts) at 2 ("The Bankruptcy Court has certified that at least some of Plaintiff's appeals were not frivolous. Therefore, all transcripts he requested should have been paid by the United States").

appropriate § 753(f) findings. In reaching this conclusion, I emphasize that this Memorandum Opinion does not pass judgment on the viability of McNeal's appeals as they currently stand before the Court. The findings in this Memorandum Opinion are limited to the sparse information included in McNeal's Motion for Taxation of Costs of Transcripts and the Bankruptcy Court's September 24, 2024 Memorandum Opinion.

Therefore, it now must be determined what transcripts are necessary to appeal the retention of jurisdiction question. The Bankruptcy Court awarded McNeal access to only a transcript from a hearing held on August 2, 2024 to address a Motion to Dismiss Adversary Proceeding. McNeal argues that all of the transcripts he identified are required as this appeal implicates judicial economy and fairness.[20] Without a more thorough analysis from McNeal, I find that the Bankruptcy Court correctly concluded that McNeal is only entitled to this single transcript from August 2, 2024 under § 753(f). He has made no effort to explain the necessity of these additional transcripts beyond simply asserting the Court requires a more fulsome record.

### III. CONCLUSION

In accordance with the above, **IT IS HEREBY ORDERED** that:

1. James McNeal's Motion for Taxation of Costs of Transcripts (Doc. 14) is **GRANTED IN PART** and **DENIED IN PART**:

---

[20] Doc. 14 (Motion for Taxation of Costs of Transcripts) at 5.

    a.    The Motion is **GRANTED** as to the transcript for the argument held on August 2, 2024. The cost of the August 2, 2024 transcript is waived;

    b.    The Motion is **DENIED** as to a waiver of costs for all other transcripts;

2.    James McNeal's Motion to Supplement the Record (Doc. 13) is **DENIED AS MOOT**. The Court shall, as needed, access the docket in the underlying case in the Bankruptcy Court for the Middle District of Pennsylvania; and

3.    James McNeal's Motion for Extension of Time to File Reply Brief (Doc. 12) is **GRANTED**. McNeal shall file his Reply Brief within twenty-one days of receipt of the August 2, 2024 hearing transcript.

                            BY THE COURT:

                            *s/ Matthew W. Brann*
                            Matthew W. Brann
                            Chief United States District Judge